IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Kenneth Leon Rivers, #42880-004,   )
   )
         Petitioner,   )
   )   Civil Action No. 2:21-3154-BHH
v.   )
   )   **ORDER**
Warden, FCI Williamsburg,   )
   )
         Respondent.   )
_____ )

This matter is before the Court upon Kenneth Leon Rivers' ("Petitioner") pro se petition for habeas corpus, filed pursuant to 28 U.S.C. § 2241. The matter was referred to a United States Magistrate Judge for preliminary review in accordance with 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02(B)(2)(d), D.S.C.

On August 23, 2022, Magistrate Judge Mary Gordon Baker issued a Report and Recommendation ("Report"), outlining the issues and recommending that the Court summarily dismiss the petition without prejudice and without requiring Respondent to file a return. Petitioner filed objections to the Magistrate Judge's Report on September 6 and October 26, and the case is ripe for review.

## BACKGROUND

Petitioner is a federal inmate incarcerated at the Williamsburg Federal Correctional Institution in Salters, South Carolina. On February 7, 1992, a jury in the district court for the Southern District of Florida found Petitioner guilty of conspiracy to possess cocaine with intent to distribute in violation of 21 U.S.C. § 846 (count one); using and carrying three firearms during the commission of a drug trafficking offense in violation of 18 U.S.C. §§ 924(c), 2 (count two); possession of an unregistered fully automatic firearm by a convicted

felon in violation of 18 U.S.C. § 922(g)(1) (count five).  The court sentenced Petitioner to 324 months' imprisonment as to count one; 120 months' imprisonment on counts three and five, to be served concurrently with each other and count one; and 360 months' imprisonment on count 2, to be served consecutively.  *United States v. Florence*, Crim. Case No. 1:91-cr-598-KMM-3.  On appeal, the United States Court of Appeals for the Eleventh Circuit reversed Petitioner's conviction as to count three but affirmed the remaining counts.  *United States v. Brantley*, 68 F.3d 1283 (11th Cir. 1995).

Petitioner filed his first motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2555 on March 17, 1997.  *Rivers v. United States*, Case No. 1:97-cv-654-KMM, Dkt. No. 1.)  Rivers argued that the jury instructions should have been more specific as to which of the three guns he possessed for purposes of his § 924(c) charge, and Rivers claimed that the district court erroneously applied an enhanced penalty for machine guns to his sentence without giving the jury the opportunity to decide which firearm(s) Petitioner used or carried during the commission of the drug trafficking crime.

The district court denied Petitioner's § 2255 motion on the merits on June 3, 1998, finding that the purported error in the jury instructions was harmless as there was overwhelming evidence that Petitioner used an automatic machine gun in the case.  Rivers filed a notice of appeal, which the Eleventh Circuit Court of Appeals dismissed on November 16, 1998, for failure to prosecute.

On July 3, 2001, Petitioner filed an application with the Eleventh Circuit Court of Appeals seeking leave to file a second or successive motion to vacate, set aside, or correct sentence pursuant to § 2225 in light of the United States Supreme Court's decision in *Castillo v. United States*, which held that the term "machine gun" as used in §

2

924(c)(1)(B)(ii) refers to an element of a separate aggravated crime to be determined by a jury.  530 U.S. 120, 131 (2000).  The Eleventh Circuit denied Petitioner's application, concluding that the holding in *Castillo* involved only "an issue of statutory interpretation" rather than a new constitutional law as required by § 2255(h)(2) for successive motions.

On January 17, 2003, Petitioner filed a motion for relief from judgment pursuant to Rule 60(b) in his underlying criminal case, once again relying on *Castillo*, but the district court denied his motion on February 24, 2003, and the Eleventh Circuit affirmed the district court's decision on April 30, 2003.

On December 15, 2003, Petitioner filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in the United States District Court for the Middle District of Florida, renewing his argument that the jury's verdict did not specify that it found him guilty of using a machine gun as required under *Castillo*.  *Rivers v. McKelvy*, Case No. 5:03-cv-446-WTH-GRJ, Dkt. No. 1 at 4.)  Petitioner argued that § 2255 was "inadequate or ineffective" to challenge the fundamental defect in his sentencing.  The district court agreed with the government that *Castillo* was not retroactive for purposes of collateral review and denied his § 2241 petition on October 25, 2006.  On June 1, 2007, the Eleventh Circuit affirmed the district court's decision, noting that "Rivers filed a previous § 2255 motion, which was denied, and he cannot use § 2241 as a means to circumvent the limits on successive applications or to show that § 2255 is inadequate or ineffective."  *Rivers v. McKelvy*, 236 F. App'x 508, 2007 WL 1575323, at *3 (11th Cir. 2007).

In addition to the foregoing, Petitioner has raised *Castillo*-based arguments in several subsequent actions seeking collateral review.  *See Rivers v. United States*, Case No. 1:09-cv-22594-KMM, Dkt. Nos. 1, 4 (S.D. Fl. Aug. 31, 2009) (dismissing as an

3

unauthorized successive § 2255 motion); *Rivers v. Warden, FCC Coleman - USP I*, Case No. 5:11-cv-00413-WTH-PRL, Dkt. No. 1 (M.D. Fl. July 18, 2011) (dismissing § 2241 petition, which the Eleventh Circuit affirmed on April 20, 2015); *Rivers v. United States*, Case No. 1:13-cv-21027-KMM, Dkt. No. 4 at 2 (April 22, 2013) (construing a Rule 60(b) motion as an untimely and successive § 2255 motion); and *Rivers v. United States*, Case No. 1:20-cv-24244-KMM (Oct. 15, 2020) (denying a third § 2255 motion as successive).

On September 28, 2021, Petitioner filed the instant petition, again arguing that his sentence is improper in light of *Castillo*.

## STANDARD OF REVIEW

The Magistrate Judge makes only a recommendation to the Court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261 (1976). The Court is charged with making a *de novo* determination only of those portions of the Report to which specific objections are made, and the Court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter to the Magistrate Judge with instructions. 28 U.S.C. § 636(b)(1).

## DISCUSSION

In her Report, the Magistrate Judge thoroughly reviewed the relevant facts and procedural history of Petitioner's criminal case and his prior habeas corpus applications, which this Court also briefly summarized above. After reviewing the record and the applicable law, the Magistrate Judge found that the instant § 2241 petition merely reiterates the same *Castillo*-based arguments that have been unsuccessful for Petitioner on numerous prior occasions, and she found that "Petitioner cannot rely on these recycled

4

arguments to show that § 2255 is inadequate to test the legality of his sentence under *Wheeler*." (ECF No. 12 at 9.)

As the Magistrate Judge explained, "[I]t is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through § 2255." *Rice v. Rivera*, 617 F.3d 802, 807 (4th Cir. 2010) (citing *In re Vial*, 115 F.3d 1192, 1194 (4th Cir. 1997) (en banc)). However, § 2255 contains a "savings clause" that allows federal prisoners to proceed under § 2241 when a motion under § 2255 would prove "inadequate or ineffective" to test the legality of the detention.[1] *In re Vial*, 115 F.3d at 1194. Importantly, "the remedy afforded by § 2255 is not rendered inadequate or ineffective merely because an individual has been unable to obtain relief under that provision . . . or because an individual is procedurally barred from filing a § 2255 motion . . . ." *Id.* at n. 5.

The Fourth Circuit has established an updated savings clause test under § 2255 for a petitioner who contests his sentence. *United States v. Wheeler*, 886 F.3d 415, 429 (4th Cir. 2018). Specifically, the Fourth Circuit held that § 2255 is inadequate or ineffective to test the legality of a sentence when:

> (1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the aforementioned settled

---

[1] The "savings clause" states:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

28 U.S.C. § 2255(e).

substantive law changed and was deemed to apply retroactively on collateral review; (3) the prisoner is unable to meet the gatekeeping provisions of § 2255(h)(2) for second or successive motions; and (4) due to this retroactive change, the sentence now presents an error sufficiently grave to be deemed a fundamental defect.

*Id.* at 429. The savings clause elements are jurisdictional, and in evaluating the elements, the Court considers "the substantive law of the circuit where a defendant was convicted." *Hahn v. Mosley*, 931 F.3d 295, 301 (4th Cir. 2019).

Here, with respect to the first prong of *Wheeler*, the Magistrate Judge explained that because the Eleventh Circuit previously rejected Petitioner's *Castillo*-based arguments, Petitioner cannot ask this Court to reach a different conclusion. As to the second prong, the Magistrate Judge explained that Petitioner has not pointed to any precedent demonstrating that the Eleventh Circuit has found *Castillo* to apply retroactively for purposes of collateral review. As to the fourth prong, the Magistrate Judge found that any error in Petitioner's sentencing falls short of a "fundamental defect," noting that the sentencing court expressly found any improper jury selections harmless because there was overwhelming evidence that Petitioner carried an automatic machine gun. Ultimately, the Magistrate Judge saw no reason to depart from the many prior decisions that rejected Petitioner's arguments, and she concluded that Petitioner cannot use the savings clause to challenge his sentence here.

In his objections to the Magistrate Judge's Report, Petitioner asserts that the Magistrate Judge erred in her analysis of the second and fourth prongs of *Wheeler*. (ECF No. 23 at 2.) With respect to the second prong, Petitioner asserts that the Court of Appeals for the Tenth Circuit has found *Castillo* to be retroactively applicable to cases on collateral review, citing *United States v. Wiseman*, 297 F.3d 975-81 (10th Cir. 2002). (ECF Nos. 17

6

at 1 and 23 at 2.)  Petitioner also asserts that the Eleventh Circuit has not specifically addressed whether *Castillo* is retroactive to cases on collateral review, and he asserts that the Magistrate Judge erred in finding that Petitioner cannot meet the second prong of *Wheeler*.

With respect to the fourth prong of *Wheeler*, Petitioner asserts that the Magistrate Judge erred in finding that any error in Petitioner's sentence falls short of a "fundamental defect" because his indictment did not contain any statutory language pertaining to the use of a machine gun, and thus there is no way the jury could have based its findings on the use of a machine gun.  (ECF Nos. 17 at 4-7 and 23 at 5-9.)

After review, the Court finds all of Petitioner's objections unavailing.  First, as the Magistrate Judge explained, the Eleventh Circuit has already rejected Petitioner's arguments on several occasions, and there is no reason for this Court to now reach a different conclusion.  Second, although Petitioner points to a Tenth Circuit decision holding that *Castillo* is retroactively applicable, the law of the Tenth Circuit is irrelevant; rather, the Court is confined to the law of the circuit where Petitioner was convicted, which is the Eleventh Circuit.  *See Goldwire v. Bragg,* No. 5:19-cv-00056-BHH, 2020 WL 1242620, at *2 (D.S.C. Mar. 16, 2020) ("Petitioner must show that Supreme Court or Eleventh Circuit substantive law (as opposed to Fourth Circuit law) changed and was deemed to apply retroactively on collateral review."); *Tolbert v. Warden FCI Estill,* No. 1:19-cv-2135-BHH, 2022 WL 2763437, at *3 (D.S.C. July 15, 2022) ("Petitioner must show that the substantive law of the [circuit where he was convicted] or the Supreme Court changed and was deemed to apply retroactively on collateral review in order to satisfy the second prong of Wheeler.").

7

Here, as the Magistrate Judge properly explained, when Petitioner filed his first §
2241 petition, the court denied it based on Petitioner's failure to show that § 2255 was
inadequate or ineffective.  The court explained that it had not specifically addressed
whether *Castillo* applied retroactively to cases on collateral review and explained that other
circuits were split on the issue.  *Cf. Wiseman*, 297 F.3d at 981-82 (concluding that *Castillo*
is retroactively applicable), *and United States v. Gonzales*, 327 F.3d 416 (5th Cir. 2003)
(holding that *Castillo* is not retroactively applicable).  Nonetheless, the court specifically
noted that when it previously denied Petitioner leave to file a second and successive §
2255 motion, it indicated that *Castillo* was not retroactively applicable. *See Rivers v.
McKelvy*, 236 F. App'x at 511, n. 6.

Furthermore, when the district court for the Middle District of Florida denied
Petitioner's second § 2241 petition, it explained:

> Petitioner has had sufficient procedural opportunity to challenge his
> conviction and sentence, and he did so in his § 2255 motion and in his first
> 28 U.S.C. § 2241 petition.  His § 2241 *Castillo-based* argument was
> thoroughly considered and rejected by both the district court and the
> Eleventh Circuit Court of Appeals.  A district court may refuse to entertain a
> repeat application for the writ by a federal prisoner "if it appears that the
> legality of such detention has been determined by a judge or court of the
> United States on a prior application for a writ of habeas corpus, except as
> provided in section § 2255."  28 U.S.C. § 2244(a).

*Rivers v. Warden, FCC-Coleman-USP I*, No. 5:11-cv-413-Oc-10PRL, 2013 WL 11326725,
*3 (M.D. Fl. Dec. 18, 2013).  Ultimately, the Court agrees with the Magistrate Judge that
Petitioner's prior petitions all indicate that the Eleventh Circuit has not found
*Castillo* retroactively applicable to cases on collateral review.  *See also Brantley v. Hayes*,
No. CV210-142, 2011 WL 3841300 (S.D. Ga. June 14, 2011) (finding the petitioner's
reliance on *Castillo* misplaced because it is not retroactively applicable to cases on

8

collateral review in the Eleventh Circuit).  Thus, this Court cannot retroactively apply *Castillo* to the instant § 2241 petition.  Moreover, because a Petitioner must satisfy all four requirements of *Wheeler* for this Court to have jurisdiction, which Petitioner cannot do here, the Court agrees with the Magistrate Judge that Petitioner cannot use the savings clause to challenge his sentence, and this Court lacks jurisdiction to proceed.[2]

## **CONCLUSION**

Based on the foregoing, it is hereby **ORDERED** that the Magistrate Judge's Report (ECF No. 12) is **adopted and specifically incorporated herein**; Petitioner's objections (ECF Nos. 17 and 23) are **overruled**; and this matter is dismissed for lack of jurisdiction, without prejudice and without requiring Respondent to file a return.

**IT IS SO ORDERED.**

/s/Bruce H. Hendricks
United States District Judge

February 14, 2023
Charleston, South Carolina

---

[2] The Court notes that it also agrees with the Magistrate Judge's analysis regarding the fourth prong of *Wheeler* and finds that Petitioner's prior habeas corpus applications, all of which have been denied, lend support to the finding that any error in Petitioner's sentencing falls short of a "fundamental defect."